Beebe v. Smith.

---

## Edward R. Beebe v. Aaron W. Smith.

96   363<br>a194s 634

1. VERDICTS—*When a Judgment Will Be Affirmed.*—Where a verdict is in accordance with the clear preponderance of the evidence, the judgment based upon it will be affirmed.

Assumpsit.—Appeal from the Circuit Court of Iroquois County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 1, 1901.

W. E. LEWIS, MORRIS & HOOPER and PAYSON & KESSLER, attorneys for appellant.

KAY & KAY, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court. The appellant, Beebe, married the daughter of appellee

in the fall of 1893. There had been an understanding between the father and daughter that he would give to her $10,000. After the marriage a house and lot were purchased for them, for which appellee paid $1,000, the deed being made to his daughter. After this she died, childless. From time to time appellee had loaned to appellant a good deal of money, taking to some extent his notes therefor.

In the early part of the year 1897 appellant and appellee had a settlement of many, if not all of their affairs. Appellant claims that it was a settlement of all his indebtedness to appellee, while appellee claims that everything was settled excepting a loan of $2,000 made to enable appellant to purchase corn, which he had done, placed the same in cribs, and given appellee a bill of sale therefor.

At this settlement the amount of the notes held by appellee against appellant was figured up, and amounted to $15,235. Although his daughter was then dead, and had left no child, appellee, in consideration, it seems, probably, of a dying request made by his daughter, upon such settlement allowed appellant $9,000, which, with the $1,000 appellee had paid for the house and lot deeded to the daughter, made $10,000, being the sum it had been understood appellee would give to his daughter, this $9,000 being deducted from the $15,235, for which appellee held appellant's notes. Appellant gave to appellee his note for $6,235, securing the same by mortgage, his other notes being surrendered to him.

The suit out of which this appeal has arisen was based entirely upon the claim made by appellee for payment of the $2,000 loaned by him to appellant, and for which he, appellee, had a bill of sale of the corn purchased for the said $2,000. The question was entirely one of fact, and was as to a single issue, namely, whether said $2,000 had been included in the settlement made in March, 1897.

The jury found, and the court rendered a judgment for the $2,000 with interest thereon. Such verdict and judgment was in accordance with the clear preponderance of the evidence. At the trial, upon cross-examination, the

appellee was asked by the defendant's counsel, referring to appellant: "Did you not ask him for interest on this $6,235 note?" the same being the note given by appellant to appellee at the settlement, to which appellee replied:

"No, sir; he has been paying me reasonably promptly. I don't know that I ever mentioned that to him.    He has sent up the interest that has accrued.    Don't think I ever asked him interest on it."

The defendant being called was asked by his counsel in chief:

"Did the plaintiff, Mr. Smith, ever ask you for interest on this $6,235 note?"

An objection to this question was sustained by the court. Counsel for defendant then asked him:

"Did you ever have, at any time, any talk with Mr. Smith, asking him for a little time, that you was hard up, and asked for a little time in relation to the payment of the interest on this $6,235 note?"

Objection made by the plaintiff to such question was sustained by the court.    This is said to have been error.

There was no error in sustaining these objections.    The $6,235 note was given as a result of a settlement of such matters as were taken into consideration in the settlement. Whether appellee had ever asked appellant for interest on this note, or whether appellant had requested further time as to the payment of interest thereon, were entirely immaterial in this case, which was simply whether the $2,000 loaned by appellee, with which appellant had purchased corn and given thereon a bill of sale, was included in the settlement.

The instruction asked by the defendant, assuming, as it did, that the intention of the parties to the settlement was to then adjust and dispose of all matters between them, was properly refused.

Finding no error in the record, the judgment of the Circuit Court is affirmed.